■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARRILLO, Appellant. — Judgment, Supreme Court, Bronx County (David Levy, J.), rendered on November 21, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sullivan, Bloom, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT HYMAN, Appellant. — Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered on April 4, 1983, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Silverman, Fein, Lynch and Milonas, JJ.

■ NEW YORK TELEPHONE COMPANY et al., Appellants, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. — Judgment, Supreme Court, New York County (Sinclair, J.), entered June 15, 1982, which, *inter alia,* adjudged that the award in favor of plaintiff New York Telephone Company be reduced by 35% in accordance with the verdict, unanimously modified, on the law and the facts, and a new trial ordered solely on the issue of said plaintiff's comparative negligence, and, except as thus modified, affirmed, without costs or disbursements, unless the parties stipulate to amend the judgment to reflect a comparative negligence factor of 12% on New York Telephone Company's part and to the entry of an amended judgment reflecting such percentage, in which case the judgment, as so amended and increased, is affirmed, without costs or disbursements. Appeal from order, Supreme Court, New York County (Sinclair, J.), entered February 18, 1982, denying plaintiff New York Telephone Company's motion to set aside the jury's finding of 35% culpable negligence on said plaintiff's part dismissed, without costs or disbursements, as subsumed. Review of this record leads us ineluctably to the conclusion that the pro rata share of the negligence of plaintiff New York Telephone Company, the lessee of certain polyvinyl chloride ducts, cannot exceed that of Empire City Subway Co., its wholly owned subsidiary, which installed the ducts in close proximity to a steam main. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Milonas, JJ.